# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:07-cr-211-Orl-22DAB

**THOMAS E. VANDER LUITGAREN**

_____

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss the Indictment (Doc. No. 100), filed concurrently with Defendant's Motion for Leave to File After the Criminal Scheduling Order Deadline (also at Doc. No. 100). The United States has opposed these motions. Doc. No. 103.

**Analysis**

**I. The Scheduling Order Applies**

The December 14, 2007 Scheduling Order in this case states: "[w]ithin twenty (20) days from the date of this Order, the parties shall file and serve all motions (with memoranda and certificate) and all notices . . . . This filing deadline applies to. . . all . . . dispositive motions (including motions . . . to dismiss the indictment[).]" Doc. No. 29 at ¶¶ II(B)-(C). Defendant asks this Court to extend the filing deadline and allow the motion to dismiss but does not brief the issue of the time extension. Instead, Defendant incorporates by reference his co-defendant's motion for an extension. Doc. No. 100 at p. 2 (citing Doc. No. 45). Defendant thus devotes his own brief to the substance of the motion to dismiss. Doc. No. 100 at pp. 3-9.

**II. The Court Grants the Time Extension on the Issue of Dismissal Based on the Alleged Presence of a Paralegal but Denies the Motion to Dismiss on the Merits**

The Court grants an extension of the filing deadline, because Defendant was only recently made aware that paralegal Joshua Woiderski might have been present at the grand jury proceedings. *See* Doc. No. 100 at p. 2. However, the Court denies the motion to dismiss. Defendant's own brief and the government's response both indicate that Mr. Woiderski was not present in the grand jury room, though his name is listed on the transcript. Doc. No. 100 at p. 2 n. 1; Doc. No. 103 at p. 4. The court reporter herself informed Defendant's attorney that listing the paralegal's name was an error and will be corrected. Doc. No. 100 at p. 2 n. 1. The United States has stated that Mr. Woiderski remained in the witness room and was not present during grand jury proceedings, and Plaintiff has no evidence to the contrary. *See* Doc. No. 103 at p. 4; Letter from Mr. Whittemore to Mr. Russ (Doc. No. 103-3) at p. 1.[1] Thus, Defendant's motion to dismiss the indictment on the basis of Mr. Woiderski's presence in violation of Fed. R. Crim. P. 6(d)(1) is denied.

**III. The Court Denies the Time Extension Based on Improper Authorization of Attorneys for the United States**

The Court denies the motion for an extension of time with respect to Defendant's argument that Mr. Kurosad and Mr. Whittemore are not properly qualified and designated as "attorneys for the government." Doc. No. 100 at pp. 3-4. This argument is not timely raised. Doc. No. 29 at ¶¶ II(B)-(C).

---

[1] Before Defendant filed his motion to dismiss, Defendant received a letter from the Government, indicating that Mr. Woiderski was not present in the grand jury room. *See* Doc. No. 103-3. Defendant's Motion includes a "Certificate of Compliance" that "certifies that Defendant has conferred with opposing counsel about their position on the instant motion and the government opposes" it. Doc. No. 100 at p. 7. While this certification complies with Local Rule 3.01, it fails to comply with the Scheduling Order, which requires communication between counsel in person or by telephone. Doc. No. 29 at ¶ II(D). In the future, the parties must comply with both the Local Rules and the Scheduling Order.

Defendant has known that Mr. Kurosad and Mr. Whittemore were representing the government since their Notice of Appearance for the government was filed on December 6, 2007. Doc. No. 6. Defendant did not contest their appearance until February 25, 2008. Doc. No. 100. In light of the Scheduling Order, Defendant has presented no justification for extending the filing deadline to make additional arguments about Mr. Kurosad and Mr. Whittemore's role.

**IV. Even if the Motion to Dismiss the Indictment Based on Mr. Whittemore and Mr. Kurosad's Involvement Was Timely, the Court Would Deny the Motion**

Defendant claims that his fruitless attempts to obtain information on the issue from the United States Attorney's Office justify the late-filed motion. Doc. No. 100 at p. 4. However, even if the motion to dismiss based on the presence of Mr. Kurosad and Mr. Whittemore was timely, the Court would deny the motion on substantive grounds. Mr. Kurosad and Mr. Whittemore were authorized to conduct the grand jury proceedings pursuant to Fed. R. Crim. P. 6(d )(1) and 28 U.S.C. § 515(a). Fed. R. Crim. P. 6(d)(1) permits attorneys for the government to be present during grand jury proceedings. To elucidate who may act as an attorney for the government, 28 U.S.C. § 515(a) states:

> The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

The United States has supplied the Court with the letters from Deputy Assistant Attorney General Scott Hammond that appointed Mr. Kurosad and Mr. Whittemore to represent the United States in this matter. *See* Doc. Nos. 103-4 and 103-5; *see also United States v. Morrison*, 531 F.2d 1089, 1093 n. 4 (1st Cir. 1976) ("although the letter of appointment was from [an] Assistant Attorney General[,]

. . . the issue of improper delegation of authority is not involved here . . . . . Title 28 U.S.C. § 515(a) does not contain any express or implied statutory prohibition which would preclude the Attorney General from delegating his power to appoint special attorneys."); U.S. Attorneys' Manual ch. 9 § 11.241 ("The Attorney General has delegated the authority to direct Department of Justice Attorneys to conduct grand jury proceedings to all Assistant Attorneys General and Deputy Assistant Attorneys General in matters supervised by them.") (citations omitted).  Therefore, the Court denies Defendant's motion to dismiss the indictment based on Mr. Kurosad and Mr. Whittemore's involvement in the grand jury proceedings.

### Conclusion

Based on the foregoing, it is ORDERED as follows:

1. Defendant's Motion for Leave to File After Criminal Scheduling Order Deadline (Doc. No. 100), filed February 25, 2008, is GRANTED in part and DENIED in part.

2. Defendant's Motion to Dismiss the Indictment (Doc. No. 100), also filed on February 25, 2008, is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 18, 2008.

Copies furnished to:

Counsel of Record
Magistrate Judge

ANNE C. CONWAY
United States District Judge